PREGERSON, J.,
dissenting:
I dissent because I believe the California Court of Appeal unreasonably applied Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), when deciding that the cumulative effect of the prosecutor’s misconduct did not violate Petitioner Keeven Robinson’s federally protected due process rights.
This is “not ... a case where the misconduct of the prosecuting attorney was slight or confined to a single instance, but one where such misconduct was pronounced and persistent... i” Id. at 89, 55 S.Ct. 629. First, although the trial judge made evidentiary rulings excluding evidence of a crack pipe and 20 uncharged robberies, the prosecutor extracted that precise evidence from the mouths of two police officers during trial. Specifically, the trial judge told the prosecutor that the crack pipe found in Robinson’s shoe upon his arrest was “not going to be introduced.” Nonetheless, the prosecutor asked Officer Aiello about the crack pipe when he examined him at trial. Further, when the prosecutor asked the trial judge if he could discuss the similarities between Robinson’s two robbery charges and 20 additional robberies, the trial judge ruled, “I won’t allow it.” Nevertheless, Detective Romero referred to modus operandi evidence from some of the uncharged robberies in his testimony. At a sidebar that followed, the trial judge told the prosecutor, “Basically, your detective did not follow the court’s instructions.”
Second, the prosecutor asked Robinson argumentative questions, including whether he read the transcript from his first trial “to make sure [he] testified] to the same thing?” The prosecutor also asked Robinson whether he knew that it was important to have an alibi.
Third, the prosecutor made a number of improper remarks during his closing arguments. One such remark implied that a key witness—one of the robbery victims’ wives—must have been lying when she testified that Robinson was not the robber because she had hired an attorney. See Bruno v. Rushen, 721 F.2d 1193, 1194 (9th Cir. 1983) (“[I]n no situation in a criminal trial ... do we feel the mere act of hiring an attorney is probative in the least of the guilt or innocence of defendants.”).
Fourth, the prosecutor improperly vouched for Detective Romero’s credibility. See United States v. Weather spoon, 410 F.3d 1142, 1147 (9th Cir. 2005) (explaining that vouching is forbidden because a jury “may be inclined to give weight to the prosecutor’s opinion ... instead of making the independent judgment of credibility to which the defendant is entitled”) (quoting United States v. McKoy, 771 F.2d 1207, 1211 (9th Cir. 1985)). The prosecutor stated, “Detective Romero is a fine, fine law enforcement officer.” The prosecutor also told the jury, “Any day ladies and gentlemen, I’ll put these two witnesses before you, and I submit to you Detective Romero is credible and the defendant is not,”
Although the trial judge sustained many of defense counsel’s objections and instructed the jury not to consider the attorneys’ arguments as evidence, “the situation *578 was one which called for a stern rebuke and repressive measures.... ” Berger, 295 U.S. at 85, 55 S.Ct. 629. Indeed, when “reviewing for cumulative error, the court must review all errors preserved for appeal .... Even if a particular error is cured by an instruction, the court should consider any traces which may remain.” United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir. 1993) (internal quotation marks and citations omitted). I cannot ignore the traces of prejudice left by the prosecutor’s repeated misconduct in this case.
Moreover, “where the government’s case is weak, a defendant is more likely to be prejudiced by the effect of cumulative errors.” United States v. Frederick, 78 F.3d 1370, 1381 (9th Cir. 1996). Such is the case here.
This case turned on identification, yet the witnesses could only provide police with vague descriptions of the suspect before some of them identified Robinson in a one-man field lineup. On the other hand, one robbery victim consistently told police and testified that Robinson was not the robber. This helps explain why, in the first trial, Robinson was acquitted of two robbery charges (the “Placentia” and “Mejia” robberies), and why the jury hung in favor of acquittal as to the remaining two robberies (the “Wooden” and “Torres” robberies).
The evidence of Robinson’s innocence is compelling in light of the prosecution’s timeline. Mr. Wooden was robbed at 6:30 p,m. on December 27, 2008. Mr. Mejia was robbed at 8:20 p.m. that night, and Mr. Torres was robbed at 8:25 p.m. Officers responding to the ensuing 911 calls stopped Robinson not once, but tmce before 8:33 p.m. Despite being stopped relatively far away from the site of the final two robberies, Robinson was not perspiring, he was not out of breath, and he carried no gun or robbery proceeds.
A prosecutor’s “obligation ... in a criminal prosecution is not that [he] shall win a case, but that justice shall be done.” Berger, 295 U.S. at 88, 55 S.Ct. 629. When prosecutors forgo this duty, AEDPA’s demand for deference “makes a mockery of the careful boundaries between Congress and the courts that our Constitution’s Framers believed so essential to the prevention of tyranny.” Crater v. Galaza, 508 F.3d 1261, 1270 (9th Cir. 2007) (Reinhardt, J., dissenting).
I cannot say that the California Court of Appeal reasonably applied Berger when it discounted the cumulative prejudicial effect of the prosecutor’s misconduct in this case.
Respectfully, I dissent.